**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEGAN LISOTA, individually and on behalf of all others similarly situated,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | **Civil Action No. 25-cv-7518** |
| **v.** | § | |
| | § | |
| **HEARTLAND DENTAL, LLC, a Delaware limited liability company, and RINGCENTRAL, INC., a Delaware corporation,** | § | |
| | § | |
| ***Defendants*.** | § | |

**DEFENDANT HEARTLAND DENTAL, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

# TABLE OF CONTENTS

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 4

A. Rule 12(b)(1) ..... 4

B. Rule 12(b)(6) ..... 5

IV. ARGUMENTS ..... 6

A. Plaintiff Lacks Article III Standing ..... 6

B. Plaintiff Fails to State a Claim under Rule 12(b)(6) ..... 7

1. Heartland Dental is a party to the communications between Plaintiff and Tru Family Dental. ..... 8

2. Heartland Dental qualifies as a service provider acting in the ordinary course of its business. ..... 10

3. Plaintiff has not adequately alleged that Heartland Dental intercepted any communications. ..... 11

V. CONCLUSION ..... 13

# TABLE OF AUTHORITIES

**Cases**


*Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999)................................................ 11

*AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) .................................................... 6

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)................................................................................ 5, 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) .................................................................. 5

*Gilbert v. TrueAccord Corp*., 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) ..................................... 6

*In re Google Inc. Gmail Litig.*, No.: 13-MD-02430-LHK, 2013 WL 5423918, at *8-12 (N.D. Cal. Sept. 26, 2013) ................................................................................................................ 10

*In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003)................................................................... 8

*In re TikTok, Inc. In-App Browser Priv. Litig.*, No. 24 C 2110, 2024 WL 4367849, at *9 (N.D. Ill. Oct. 1, 2024) ........................................................................................................................ 8

*Jandak v. Vill. of Brookfield*, 520 F. Supp. 815, 821-22 (N.D. Ill. 1981).................................... 10

*Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 843 (N.D. Ill. 2023) .............................. 9

*Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020)................................ 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) ........................................................ 4, 6

*Mazzorana v. Kelly*, No. 21 C 1899, 2022 WL 1211482, *2 (N.D. Ill. Apr. 25, 2022) .............. 12

*Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020) ........................................... 6

*Rodriguez v. Bytedance, Inc.*, 2025 WL 2495865 *6-7 (N.D. Ill. Aug. 29, 2025) ...................... 12

*Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015)................................................................... 5

*Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)................................................... 5

*Sloan v. Anker Innov. Ltd.*, 711 F. Supp. 3d 946, 956-57 (N.D. Ill. 2024).......................... 6, 8, 12

*Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) .................................................................... 5, 6

*TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) .......................................................... 5, 6

*United States v. Szymuszkiewicz,* 622 F.3d 701, 705-06 (7th Cir. 2010)..................................... 11

*Venture Assoc. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993)..................... 3

*Wadsworth v. Kross, Lieberman & Stone, Inc*., 12 F.4th 665, 667 (7th Cir. 2021)........................ 5

*Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019).......... 8

**Statutes**

18 U.S.C. § 2520........................................................................................................... 6

18 U.S.C. § 2510(4) ....................................................................................................... 8

18 U.S.C. § 2511(1)(a)........................................................................................... 6, 11

18 U.S.C. § 2511(2)(a)(i) .............................................................................................. 10

18 U.S.C. § 2511(2)(d) .................................................................................................. 8

18 U.S.C. §2511 ............................................................................................................ 1

Fed. R. Civ. P. 12(b)(1)........................................................................................... 1, 4

Fed. R. Civ. P. 12(b)(6)................................................................................................. 2

U.S. Const. art. III, § 2 .................................................................................................. 4

## I. INTRODUCTION

Plaintiff Megan Lisota's Complaint must be dismissed for lack of subject-matter jurisdiction because Plaintiff fails to plead any facts which plausibly suggest that Plaintiff suffered an actual injury as a result of Defendant Heartland Dental, LLC's purported violation of the Federal Wiretap Act, 18 U.S.C. §2511 (the "Act"). Plaintiff's threadbare recital of a purported statutory violation, without identifying concrete accompanying harm, is woefully insufficient to confer standing.

Plaintiff's Complaint also is fatally flawed because it fails to plead facts which plausibly state a claim that Heartland Dental violated the Act. Plaintiff alleges she called a Heartland Dental, LLC ("Heartland Dental") supported office that might have used a RingCentral, Inc. ("RingCentral") artificial intelligence ("AI") product to record her call. Critically, Plaintiff does not allege that Heartland Dental did not consent to RingCentral's alleged recording—because she can't. This failure is fatal. The Act does not impose liability where one-party consents to the recording, as is the case here. Moreover, Plaintiff's claim fails as a matter of law because Heartland Dental cannot be held liable under the Act because it acted as a service provider within the ordinary course of its business, or at the direction of a consenting party. Finally, Plaintiff's Complaint fails to allege facts which plausibly suggest that Heartland Dental contemporaneously intercepted or procured interception of her communication, an essential element of a claim for violation of Act.

In sum, Plaintiff has not alleged a concrete injury and therefore lacks Article III standing. The Court lacks subject-matter jurisdiction over this proceeding, which mandates dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

Alternatively, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because (i) Heartland Dental's alleged conduct falls squarely within the party consent and service

provider exceptions of the Act, and (ii) Plaintiff fails to allege any impressible interception under the Act.

## II. BACKGROUND

Plaintiff filed this putative class action against Heartland Dental and RingCentral, Inc. which purports to allege a single count for intercepting communications in violation of the Act. Heartland Dental is a dental support organization that provides non-clinical support to dental practices, such as billing, staffing, insurance, and HR support ("DSO services"). (Dkt. 1, Compl. at ¶¶ 1, 17.)[1] Within the past two years, Plaintiff asserts that she has called her dental office, which was part of the Tru Family Dental chain and utilized Heartland Dental's DSO services. (Dkt. 1, ¶ 5.) RingCentral is an Internet-based telephone provider allowing businesses to place and receive phone calls and messages. (Dkt. 1, ¶ 11.) RingCentral developed RingCentral AI as a part of its telephone provider services to assist businesses with managing and tracking calls to ensure an efficient workflow. (Dkt. 1, ¶ 12.)

Plaintiff alleges that, in connection with providing DSO services, Heartland Dental utilized RingCentral's "RingEx" platform, which RingCentral promotes as having the ability to "call, text, meet, and send faxes—all in one AI-powered business communication platform." (Dkt. 1, ¶¶ 7, 11, 19.) Plaintiff alleges RingCentral's platform may include AI features that can provide real-time transcription, call summaries, keyword extraction, and sentiment analysis. (Dkt. 1, ¶¶ 12-16.) According to the Complaint, Plaintiff called a Heartland Dental supported office several times over the past two years, and believes her calls were analyzed using artificial intelligence in real time through the RingCentral system. (Dkt. 1, ¶¶ 20, 31-33.)

Plaintiff further alleges RingCentral's privacy policy governs the relationship between

[1] Heartland Dental treats the allegations taken from the Complaint as true only for purposes of this motion.

Heartland Dental and RingCentral. (Dkt. 1, ¶ 28.) Plaintiff claims that under RingCentral's privacy policy, RingCentral is allowed to use third-party calls to improve its products. (*Id.*) RingCentral's privacy policy provides: "We *may* use artificial intelligence, machine learning, or other similar technology to provide, maintain, support, and improve our Services and our interactions with you."[2]

Plaintiff also cites RingCentral's Data Processing Addendum Annex 2 to further support her allegation that RingCentral uses AI to improve its own services. (Dkt. 1, ¶ 28.) The Addendum states:

> 3.1. Purpose Limitation. RingCentral shall process the Customer Personal Information for the purposes of the performance of the Services as described in the Agreement and the DPA except where otherwise required or permitted by US State Privacy Laws. Such purposes include providing, monitoring, supporting, improving, and maintaining the Services, including through automated means such as artificial intelligence.[3]

The Addendum also expressly states "RingCentral is a Service Provider to Customer" and that "[t]hese US Privacy Terms will apply *only to the extent* that RingCentral processes Customer Personal Information on behalf of a Customer as a Service Provider under US State Privacy Laws, where such processing is described in Annex I of the DPA."[4] In addition, RingCentral's DPA specifies that "RingCentral processes [Personal Data] as a Processor under the Agreement" and "RingCentral will comply with the obligations of a [Customer] to the extent it processes Personal

---

[2] Plaintiff mischaracterizes RingCentral's privacy policy by omitting key language from the Complaint. Accordingly, Heartland Dental cites the actual language from RingCentral's policy. *See* RingCentral Privacy Notice, July 29, 2024, *available at* https://www.ringcentral.com/legal/last-update-july-29-2024/privacy-notice.html (last accessed September 8, 2025) (emphasis added). The Court may incorporate the actual policy by reference for purposes of this motion as it is integral to the Complaint and authentic. *Venture Assoc. Corp. v. Zenith Data Sys. Corp*., 987 F.2d 429, 431 (7th Cir. 1993).

[3] Again, to provide the Court with complete and accurate language, the actual policy is cited. *See* RingCentral's Data Processing Addendum ("DPA"), October 1, 2024, *available at* https://www.ringcentral.com/legal/dpa.html (last accessed September 8, 2025).

[4] *Id*. (emphasis added).

Data as a Controller for RingCentral's legitimate business purposes, including as necessary for the operation of the Services, and as necessary to comply with applicable law."[5]

Plaintiff alleges Heartland Dental did not inform her that her calls might be monitored or analyzed by RingCentral. (Dkt. 1, ¶ 5.) Plaintiff further alleges that Heartland Dental, by contracting with and implementing RingCentral's services, "intercepted or procured another person to intercept" her communications with Tru Family Dental. (Dkt. 1, ¶ 4.) According to Plaintiff, she provided identifying information such as her name and phone number when she contacted her dental office. (Dkt. 1, ¶¶ 26, 50.) Plaintiff does not allege any specific misuse, disclosure, or harm resulting from the alleged interception.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2; FED. R. CIV. P. 12(b)(1). To establish Article III standing, a plaintiff must demonstrate that the alleged injury is "fairly traceable to the challenged action of *the defendant*." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added) (alterations and quotations omitted). "[I]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: '[C]ourts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Silha v. ACT, Inc.*, 807 F.3d

[5] *Id.*

169, 173 (7th Cir. 2015). Standing is jurisdictional and cannot be waived. *Wadsworth v. Kross, Lieberman & Stone, Inc*., 12 F.4th 665, 667 (7th Cir. 2021).

Standing to bring a cause of action requires proof: "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff bears the burden of proving these elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In a class action, the named plaintiff must personally establish standing and cannot reply on hypothetical or abstract injuries allegedly suffered by putative class members. *Id.* at 338 n.6 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)). The mere fact that a statutory violation occurred does not alone establish standing; Plaintiff must have a concrete injury. *Id.* at 341.

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Silha*, 807 F.3d at 173. While a court must review a complaint in the light most favorable to the plaintiff, accept well-pleaded facts as true, and draw reasonable inferences in the plaintiff's favor, this presumption does not extend to "threadbare recitals of the elements of

a cause of action, supported by mere conclusionary statements." *Iqbal*, 556 U.S. at 678; *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

## IV. ARGUMENTS

### A. Plaintiff Lacks Article III Standing.

Plaintiff's Complaint fails at the threshold because she did not suffer concrete harm resulting from the purported violation of the Act. The Act permits a private right of action against anyone who "intentionally intercepts [or] endeavors to intercept . . . any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a), 18 U.S.C. § 2520 (civil remedies); *Sloan v. Anker Innov. Ltd.*, 711 F. Supp. 3d 946, 956-57 (N.D. Ill. 2024). Article III standing requires more than a bare procedural violation or a statutory violation; it requires a concrete harm. *Spokeo*, 578 U.S. at 341. A "plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). The "most obvious" concrete injuries are "traditional tangible harms, such as physical harms and monetary harms." *TransUnion*, 594 U.S. at 425. An intangible harm only qualifies if it bears a close relationship to historically recognized injuries. *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020).

Here, Plaintiff merely alleges that a call between herself and Tru Family Dental was *allowed* to be "intercepted" by Heartland Dental without her consent, and that she "has been injured by Defendants' conduct," "sustained damages because of Defendants' conduct," *or* "suffered harm because of Defendants' violation of the Federal Wiretap Act." (Dkt. 1, ¶¶ 4, 32, 38, 39, 51.) (emphasis added.) These formulaic recitations are legally insufficient as "a plaintiff must allege a real, concrete injury that actually exists," and "the violation of a statute alone is not enough." *Nettles*, 983 F.3d at 899-900; *see also Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) (holding that statutory violation without identifying concrete

accompanying harm does not confer standing).

Plaintiff alleges that her name, phone number, and other unspecified individually identifiable health information were disclosed during her calls to Tru Family Dental, and that such information could be used by Heartland Dental to route calls to supported offices and by RingCentral to analyze calls. (Dkt. 1 at ¶¶ 20-26, 50.)[6] But Plaintiff does not allege that her information was routed by Heartland Dental, nor how the purported use of such information for analysis and routing purposes harmed her. Plaintiff's failure to identify a specific harm caused by the alleged interception and use of her information is insufficient to establish standing. For example, in the Fair Debt Collection Practices Act ("FDCPA") context, the Seventh Circuit has held that inaccurate or incomplete debt collection notices do not support standing absent the plaintiff alleging a concrete injury. *See Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (finding no standing for FDCPA claim based on defendant's provision of a notice containing statements amounting to an unfair or unconscionable means to collect a debt where plaintiff did not allege an injury). Similarly, Plaintiff's failure to allege harm cannot establish standing under the Act.

### B. <u>Plaintiff Fails to State a Claim under Rule 12(b)(6)</u>

The Complaint is subject to dismissal under Rule 12(b)(6) because (1) Heartland Dental is a party to the allegedly intercepted communications and there is no criminal or tortious exception; (2) Heartland Dental acted in the ordinary course of its business during the alleged interceptions; and (3) Plaintiff failed to plead that Heartland Dental intercepted or permitted RingCentral to

---

[6] Plaintiff also alleges her communications were used by RingCentral to train its AI models and develop its own products and services. The actual language of RingCentral's policies makes it clear that RingCentral did not use any of the allegedly intercepted communications for training its AI models and developing its own products and services. Rather, the policies expressly state that any communications received from the customer are used only in furtherance of the services outlined in the contract with the customer. Accordingly, the Court should disregard this allegation as lacking any factual basis.

intercept the communications.

1. ***Heartland Dental is a party to the communications between Plaintiff and Tru Family Dental.***

To state a claim under the Act, Plaintiff must allege Heartland Dental "(1) intentionally (2) intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." *In re TikTok, Inc. In-App Browser Priv. Litig.*, No. 24 C 2110, 2024 WL 4367849, at *9 (N.D. Ill. Oct. 1, 2024) (citing *In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003)).[7] Critically, the Act only requires one party consent—i.e., a party to a communication cannot intercept its own communication under the Act. 18 U.S.C. § 2511(2)(d). Courts interpret "party" broadly to mean "one who takes part in the conversation," who even if not the intended recipient, includes a participant who is involved through a legitimate third-party arrangement. *Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019). Dismissal under the party exception is appropriate where "the communication necessarily require[d] Defendants' participation, even if Plaintiffs did not intend to share their information with Defendants." *Sloan*, 711 F. Supp. 3d at 957. A party to a communication can only be liable under the Act if it intercepts a communication for the purpose of committing a criminal or tortious act. 18 U.S.C. § 2511(2)(d).

Plaintiff's claim under the Act fails because, at most, Heartland Dental was a party to the calls at issue and did not intercept the communication for the purpose of committing a criminal or tortious act. Plaintiff affirmatively pleads that Tru Family Dental utilizes Heartland Dental for DSO services (Dkt. 1, ¶ 5), and that Heartland Dental utilizes RingCentral to supply Heartland Dental with a cloud-based phone and contact center system. (Dkt. 1, ¶¶ 7, 11.) Plaintiff further

---

[7] The Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

acknowledges that calls to dental practices can be routed using RingCentral's system.[8] (Dkt. 1, ¶ 20.) Plaintiff does not assert facts to support her claim that Heartland Dental actually participated in her calls—yet, even if she did, such allegations would establish that Heartland Dental was an authorized and necessary participant to the communications.

Plaintiff's Complaint also fails to state a claim because Plaintiff cannot plead a criminal or tortious act that would render the party exception inapplicable. Per the Complaint, Heartland Dental engaged RingCentral's services to manage and route patient calls, which is not a criminal or tortious purpose. (Dkt. 1, ¶ 20.) While Plaintiff also alleges, in wholly conclusory fashion, that RingCentral intercepted the calls for the purpose of violating HIPAA (Dkt. 1, ¶ 48), this claim is not only non-sensical, it is also wholly devoid of any well-pled allegations of fact. Plaintiff does not sufficiently plead individually identifiable health information to support the claim, but only vaguely alleges that she and the class members identified themselves by their name and RingCentral has their phone number and unspecified "other information which serves to identify them." (Dkt. 1, ¶ 50.) She also further fails to allege RingCentral or Heartland Dental disclosed any individually identifiable health information. The failure to allege a disclosure of individually identifiable health information renders the alleged criminal or tortious purpose exception to the party exception inapplicable. *See Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 843 (N.D. Ill. 2023) (granting motion to dismiss where criminal or tortious purpose exception did not apply based on plaintiff's failure to allege disclosure of individually identifiable health information to a third party by defendant).

[8] That is precisely the role contemplated by RingCentral's Privacy Notice and DPA.

***2. Heartland Dental qualifies as a service provider acting in the ordinary course of its business.***

Plaintiff's claim also fails because Heartland Dental acted as a service provider operating in the ordinary course of its business when it allegedly intercepted Plaintiff's communications. Under the ordinary course of business exemption, the Act expressly exempts interceptions "by a provider of wire or electronic communication service, whose facilities are used in the transmission of a communication, *to intercept, disclose, or use that communication in the normal course of [its] employment while engaged in any activity which is a necessary incident to the rendition of [its] service*." 18 U.S.C. § 2511(2)(a)(i) (emphasis added). Courts consistently apply the ordinary course of business exemption to modern telecommunications and call-management providers. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No.: 13-MD-02430-LHK, 2013 WL 5423918, at *8-12 (N.D. Cal. Sept. 26, 2013) (holding service provider's automated processing of communications for functionality fell within § 2511(2)(a)(i)); *Jandak v. Vill. of Brookfield*, 520 F. Supp. 815, 821-22 (N.D. Ill. 1981) (finding exemption extended to police station telephone system that recorded emergency and investigative calls).

Plaintiff's allegations confirm that the ordinary course of business exception applies. Plaintiff alleges that Tru Family Dental utilizes Heartland Dental to provide DSO services, including communication services, and Heartland Dental engaged RingCentral to supply those services. (Dkt. 1 ¶¶ 1, 5, 7, 11.) Plaintiff also cites to RingCentral's DPA that expressly states that RingCentral—and, by extension, Heartland Dental as its partner—acted as a "Service Provider to Consumer." (Dkt 1, ¶ 28; *supra* n.5.) The cited policies confirm that even if RingCentral processed Plaintiff's information (though she has plead no facts to support such claim), it was solely to perform the contracted services for Heartland Dental and did so subject to strict self-

imposed and legally compliant purpose limitations.[9] Similarly, far from alleging facts that would take Heartland Dental outside the ordinary course of business exception, Plaintiff's allegations establish that any routing, processing, or analysis of calls was undertaken in direct furtherance of Heartland Dental's provision of non-clinical support to the Tru Family Dental supported office. (Dkt. 1, ¶¶ 1, 5.) Such ordinary conduct by a service provider places the alleged conduct by Heartland Dental beyond the scope of the Act. *See Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999) (holding the "ordinary course" exception places ordinary conduct by a service provider beyond the reach of cases brought under the Act). Accordingly, Heartland Dental's alleged use of RingCentral as part of its administration support to Tru Family Dental qualifies for the ordinary course of business exemption.

***3. Plaintiff has not adequately alleged that Heartland Dental intercepted any communications.***

The Act imposes liability only where a defendant has either "intercept[ed]" a communication or "procure[d] any other person to intercept" it. 18 U.S.C. § 2511(1)(a). Importantly, the Act requires the interception to occur *contemporaneously* with the communication. *United States v. Szymuszkiewicz,* 622 F.3d 701, 705-06 (7th Cir. 2010) (emphasis added).

Here, Plaintiff does not allege that Heartland Dental recorded, listened to, or otherwise acquired the contents of her communications. Instead, she only asserts RingCentral was allowed to perform real-time transcription and analysis of calls between a caller and Tru Family Dental. (Dkt. 1, ¶¶ 5, 22-23.) Heartland Dental's role, as described in the Complaint, is limited to utilizing RingCentral to provide call-routing and communication services to its supported dental practices.

[9] Again, undermining Plaintiff's unsupported claim that RingCentral used the communications to train and develop its own products.

While the Complaint alleges RingCentral offers a "live transcription" feature, Plaintiff does not allege that Heartland Dental ever utilized such a contemporaneous transcription. (Dkt. 1, ¶ 14.) Similarly, while Plaintiff alleges that the RingCentral AI app listens to all calls made to supported practices, Plaintiff does not allege that Heartland Dental ever received a contemporaneous interception of such calls. (Dkt. 1, ¶ 22.) Rather, Plaintiff alleges that Heartland Dental merely receives a patient's number in a call queue *after* the communication. *Id.* This is not an interception under the law. *See Rodriguez v. Bytedance, Inc.*, 2025 WL 2495865 *6-7 (N.D. Ill. Aug. 29, 2025)(dismissing Federal Wiretap Act claim because conduct merely amounted to access, not contemporaneous interception); *Mazzorana v. Kelly*, No. 21 C 1899, 2022 WL 1211482, *2 (N.D. Ill. Apr. 25, 2022) (finding requisite contemporaneous interception not pled when plaintiff alleged defendant viewed stored emails as information in the cloud is no longer "in transit" for purposes of the Act).

With respect to the argument that Heartland Dental allowed Ring Central to contemporaneously intercept communications, courts have held that mere facilitation pursuant to a contractual agreement does not constitute an "interception" by the contracting entity. In *Sloan v. Anker Innov. Ltd.*, the Court held the defendant had not intercepted any communications in violation of the Act because the alleged interception—the uploading of images/data to the defendant's cloud storage, which is hosted by a third party—required the defendant's involvement by virtue of the plaintiff's use of the defendant's app, even if the plaintiff did not intend to share their information with the defendant. 711 F. Supp. 3d at 957. Similarly, Heartland Dental's contractual agreement with RingCentral required RingCentral's involvement in Plaintiff's alleged communications, even if not intended by Plaintiff, and therefore cannot constitute an illegal interception under the Act.

## V. CONCLUSION

Heartland Dental respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice due to lack of subject-matter jurisdiction and failure to state a claim. Heartland Dental further seeks any and all further relief which the Court deems just and equitable.[10]

Dated: September 12, 2025

FISHER & PHILLIPS LLP

By: */s/ Danielle M. Kays*
DANIELLE M. KAYS
AMBER N. PETERS
Attorneys for Defendant
HEARTLAND DENTAL, LLC

[10] The Parties conferred, and Plaintiff opposes this Motion. The Parties' proposed briefing schedule will be sent to the Court in tandem with courtesy copies of the filed motion.