**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEGAN LISOTA,** individually and on behalf of all others similarly situated, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Civil Action No. 25-cv-7518** |
| **v.** | § | |
| | § | |
| **HEARTLAND DENTAL, LLC,** a Delaware limited liability company, and **RINGCENTRAL, INC.,** a Delaware Corporation, | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANT HEARTLAND DENTAL, LLC'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... I

I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Plaintiff Lacks Standing Because She Has Not Been Injured. .......... 1

1. Plaintiff's Complaint Is Void of Facts Supporting Concrete Harm. .......... 1

2. Plaintiff Improperly Attempts to Conflate Standing Under BIPA and the Federal Wiretap Act. .......... 3

B. Heartland Dental Was a Party to Plaintiff's Calls. .......... 3

1. Heartland Dental is a Party to the Communications. .......... 4

2. Tru Family Dental Consented to Heartland Dental's Participation. .......... 4

C. Heartland Dental Used the Services For Legitimate Business Purposes. .......... 5

D. Plaintiff Fails to Allege Sufficient Facts to State a Wiretap Act Claim. .......... 6

1. No Unlawful Interception Occurred. .......... 6

2. The Crime-Tort Exception Does Not Apply. .......... 7

a) Plaintiff's HIPAA allegations are inadequate .......... 8

b) Plaintiff alleges no other adequate crime or tort .......... 9

III. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Caro v. Weintraub*,
618 F.3d 94 (2nd Cir. 2010)....7

*Carpenter v. Phillips*,
419 F. App'x 658 (7th Cir. 2011)....2

*Casillas v. Madison Ave. Assocs., Inc.*,
926 F.3d 329 (7th Cir. 2019)....2

*Doe I v. Google, LLC*,
741 F. Supp. 3d 828 (N.D. Cal. 2024)....10

*Doe v. Chao*,
540 U.S. 614 (2004)....3

*Doe v. Kaiser Found. Health Plan, Inc.*,
No. 23-CV-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024)....7

*Fox v. Dakkota Integrated Sys., LLC*,
980 F.3d 1146 (7th Cir. 2020)....3

*In re Google Assist. Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020)....5

*Goplin v. WeConnect, Inc.*,
893 F.3d 488 (7th Cir. 2018)....5

*Hannant v. Culbertson*,
No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025)....8, 9

*Hartley v. Univ. of Chi. Med. Ctr.*,
No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023)....8

*K.L. v. Legacy Health*,
No. 3:23-cv-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024)....10

*Kane v. University of Rochester*,
No. 23-cv-6207, 2024 WL 1178340 (W.D.N.Y. Mar. 19, 2024)....9

*Kurowski v. Rush Sys. for Health*,
No. 22-cv-5380, 2023 WL 8544084 (N.D. Ill. Dec. 11, 2023)....9

*Mazzorana v. Kelly*,
No. 21-cv-1899, 2022 WL 1211482 (N.D. Ill. Apr. 25, 2022)....7

*Nienaber v. Overlake Hosp. Med. Ctr.*,
No. 2:23-cv-01159-TL, 2025 WL 692097 (W.D. Wash. Mar. 4, 2025)....10

*Okash v. Essentia Health*,
No. 23-482, 2025 WL 642913 (D. Minn. Feb. 27, 2025)....10

*Pierre v. Midland Credit Mgmt., Inc.*,
29 F.4th 934 (7th Cir. 2022)....1

*Popa v. Microsoft Corp.*,
153 F.4th 784 (9th Cir. 2025)....1, 3, 6

*R.S. v. Prime Healthcare Services, Inc.*,
No. 5:24-CV-00330-ODW (SPX), 2025 WL 103488 (C.D. Cal. Jan. 13, 2025)....9

*Rackemann v. LISNR, Inc.*,
1:17-CV-00624-TWP-MJD, 2017 WL 4340349 (S.D. Ind. Sept. 29, 2017)....2, 3

*Roberts v. Charlotte Mecklenburg Hosp. Auth.*,
No. 3:24-CV-00382-KDB-SCR, 2025 WL 880538 (W.D.N.C. Mar. 20, 2025)....8

*Rodriguez v. ByteDance*,
No. 23 CV 4953, 2025 WL 2495865 (N.D. Ill. 2025)....7

*Sloan v. Anker Innov. Ltd.*,
711 F. Supp. 3d 946 (N.D. Ill. 2024)....3, 4

*Strong v. LifeStance Health Group Inc.*,
No. 23-cv-00682, 2025 WL 317552 (D. Ariz. 2025)....9

*Thornley v. Clearview AI, Inc.*,
984 F.3d 1241 (7th Cir. 2021)....1

*United States v. Szymuszkiewicz*,
622 F.3d 701 (7th Cir. 2010)....6

*United States v. Vest*,
639 F. Supp. 899 (D. Mass. 1986)....7

*W.W. v. Orlando Health, Inc.*,
No. 6:24-cv-1068-JSS-RMN, 2025 WL 722892 (M.D. Fla. Mar. 6, 2025)....10

*Zak v. Bose Corp.*,
No. 17-CV-02928, 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019)....4

**Statutes**

18 U.S.C. 2511(2)(d)....7

5 U.S.C. § 552a ........................................................................................................3

42 U.S.C. §§ 1320d(6) ...............................................................................................2

## I. INTRODUCTION

Plaintiff fails to remedy her continued lack of standing and her failure to plead a cognizable cause of action. Indeed, Plaintiff lacks standing because she does not and cannot allege a concrete injury as required by Article III, even in the context of a statutory violation. Here, Plaintiff cannot establish standing, and her claims must be dismissed with prejudice. Moreover, even if Plaintiff could overcome the Article III threshold, she still fails to state a viable claim under the Federal Wiretap Act as Heartland Dental was a party to the communication and the communication occurred for a legitimate business purpose, not any crime or tort. Accordingly, the Complaint is subject to dismissal in its entirety, without leave to amend.

## II. ARGUMENT

### A. Plaintiff Lacks Standing Because She Has Not Been Injured.

#### 1. *Plaintiff's Complaint Is Void of Facts Supporting Concrete Harm.*

Plaintiff cannot establish Article III standing because she does not identify any concrete, particularized harm arising from the alleged conduct. Rather, she only pleads a purported statutory violation and generalized privacy concerns—not a concrete harm or monetary gain.

Article III requires a plaintiff to demonstrate a concrete injury, even in the context of a statutory violation. *Popa v. Microsoft Corp.*, 153 F.4th 784, 789 (9th Cir. 2025). A generalized invasion of privacy is not sufficient to establish Article III standing. *Id*. at *794. This is true not only for the Wiretap Act, but also other privacy laws. Plaintiff's allegations mirror what courts have repeatedly rejected. *See Pierre v. Midland Credit Mgmt., Inc.*, 29 F.4th 934, 936-39 (7th Cir. 2022) (emotional upset, confusion, or discomfort alone do not constitute concrete injuries for Article III purposes); *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248 (7th Cir. 2021) (mere collection of biometric data under the Illinois Biometric Information Privacy Act ("BIPA") lacked standing as plaintiffs only alleged "a general, regulatory violation"); *Casillas v. Madison Ave.*

*Assocs., Inc*., 926 F.3d 329, 335 (7th Cir. 2019) (no standing where plaintiff alleged only failure of certain disclosures required by the Fair Debt Collection Practices Act).

Plaintiff's allegations mirror what courts have repeatedly rejected. Plaintiff does not allege disclosure of her confidential medical or financial information to a third party caused harm; nor does she plead she suffered any tangible injury or material risk of future harm. Rather, Plaintiff purports to allege that her communications were "intercepted," "analyzed" or "used to train AI models," and, in conclusory fashion, her information was disclosed and therefore she was "injured by Defendants' conduct." (Dkt. 1, ¶¶ 4, 25, 27, 47, 37). Further, Plaintiff claims there has been an "intrusion of an individual's private domain" (Dkt. 33, p. 6), but her Complaint does not contain allegations sufficient to support an invasion of privacy. These claims, some of which are raised only in Plaintiff's Response brief and not in her Complaint, are no more than theoretical privacy concerns that do not meet the standard required to invoke federal subject matter jurisdiction as there is no concrete harm, and, therefore, no standing.

Plaintiff's reliance on the Health Insurance Portability Authority Act, 42 U.S.C. § 1320d(6), ("HIPAA") is also misplaced. HIPAA does not provide a private right of action (nor has Plaintiff pleaded there was any improper disclosure of her HIPAA-protected information). *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (no private right of action under HIPAA). Similarly, Plaintiff's reliance on *Rackemann v. LISNR, Inc*., 1:17-CV-00624-TWP-MJD, 2017 WL 4340349, at *3 (S.D. Ind. Sept. 29, 2017), is erroneous. Critically, *Rackemann* predated the Supreme Court's 2021 decision, *TransUnion LLC v. Ramirez,* which established that a plaintiff must have suffered a concrete harm, not just a "bare" violation of a statute, to establish subject matter jurisdiction. 594 U.S. 413, 417 (2021).[1]

[1] Furthermore, in *Rackemann*, the plaintiff alleged the defendant, over a period of four years, ***surreptitiously triggered*** plaintiff's cell phone to intercept private conversations the plaintiff expected

### 2. *Plaintiff Improperly Attempts to Conflate Standing Under BIPA and the Federal Wiretap Act.*

Unable to cite a single decision in the five decades since the enactment of the Federal Wiretap Act to support the threadbare conclusion that Article III standing exists, Plaintiff attempts to invoke jurisdiction by reference to BIPA, which has no relevance or bearing on any aspect of Plaintiff's Complaint. Notably, Plaintiff does not cite any authority equating the Wiretap Act to BIPA for standing purposes. *See Sloan v. Anker Innov. Ltd.*, 711 F. Supp. 3d 946, 957-59 (N.D. Ill. 2024) (separately analyzing BIPA and the Wiretap Act).[2] BIPA is a state law that is not modeled on and is distinguishable from the Wiretap Act. Furthermore, courts have recognized the retention and failure to destroy biometric data in violation of BIPA may constitute a concrete injury, but the improper collection of biometric data itself lacks standing. *See Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) (the retention and failure to destroy fingerprints pursuant to BIPA stated concrete injury). Those are not the law (or allegations) here.[3]

## B. Heartland Dental Was a Party to Plaintiff's Calls.

Desperate to cure the fatal flaws inherent in the Complaint, Plaintiff attempts to both argue that Heartland Dental was either a party to the communications or not. (Dkt. 33, p. 8 ("neither Heartland Dental nor RingCentral are a "party to the communication" at issue"), p. 14 (Plaintiff's

---

would be confidential. *Id*. Plaintiff does not plead in any detail that her communications involved private sensitive matters where she had an objectively reasonable expectation of secrecy.

[2] In contrast, the Wiretap Act is more akin to the federal Privacy Act of 1974, 5 U.S.C. § 552,which expressly requires a showing of actual damages to establish standing. *See Doe v. Chao*, 540 U.S. 614, 620-27 (2004).

[3] As discussed *infra*, here, Plaintiff has not pleaded that her calls involved any confidential medical history, diagnoses, treatment plans, or other sensitive health information. Rather, she has only pleaded a routine scheduling or inquiry call. That does not mean sensitive, private medical data has been disclosed–nor has Plaintiff pleaded such. And general, conclusory statements about "health care" communications do not establish a concrete privacy injury. *See TransUnion*, 594 U.S. at 428; *Popa*, 153 F.4th at 794.

"phone calls were intercepted by RingCentral" not Heartland).) Plaintiff cannot have it both ways. Rather, Plaintiff pleads Heartland Dental was a party to and consented to her communications.

1. ***Heartland Dental is a Party to the Communications.***

Plaintiff affirmatively pleads that Heartland Dental is a party to the communications. Specifically, Plaintiff alleges that Tru Family Dental utilizes Heartland Dental for DSO services, she called a Heartland Dental supported office, and Heartland Dental utilizes RingCentral to supply a cloud-based phone and contact center system for assistance in routing and managing supported dental offices' patient calls. (Dkt. 1, ¶¶ 5, 7, 11, 20, 31.) In light of her allegations, she cannot argue Heartland Dental is not a party to the communications.

Regardless, the law is clear that even if Plaintiff did not intend to call Heartland Dental, it still qualifies as a party to the communication. *See Sloan.*, 711 F. Supp. 3d at 957 (*finding* communication requiring defendant's participation made defendant a participant to the communication); *Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019) (finding defendant may be participant to communication "even if the defendant was not an intended participant"). Like *Sloan* and *Zak*, Heartland Dental's participation in the calls, even if unintended by Plaintiff, renders it not liable under the Wiretap Act.

2. ***Tru Family Dental Consented to Heartland Dental's Participation.***

Even if Heartland Dental is not a party, Plaintiff's argument still fails as Tru Family Dental was. And Tru Family Dental expressly consented to Heartland Dental's involvement. (Dkt. 1, ¶¶ 17, 31; Dkt. 33, p. 9 (Plaintiff concedes that "her dental office" was a party to the communications and her dental office "contracted with Heartland").) Plaintiff's own allegations state that Tru Family Dental engaged Heartland Dental to provide telecommunications and administrative support, and Heartland Dental acted within the scope of this consent when routing and handling calls on behalf of Tru Family Dental. Specifically, Plaintiff pleads: "Heartland Dental is a dental

service organization . . . that provides nonclinical support to dental practices," including "after hour and overflow call center services." (Dkt. 1, ¶¶ 17, 20.) Plaintiff does not allege that Heartland Dental operated outside the scope of consent granted by Tru Family Dental at any time. As a result, Heartland Dental is a proper party to the communications.[4] *See In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 796 (N.D. Cal. 2022) (healthcare providers "consented to [defendant's] receipt of the information" by using defendant's technology and their services).

### C. Heartland Dental Used the Services For Legitimate Business Purposes.

Plaintiff's Response fails to show how Heartland Dental's alleged conduct falls outside of the ordinary course of business exemption. *See In re Google Assist. Priv. Litig.*, 457 F. Supp. 3d 797, 818 (N.D. Cal. 2020) (ordinary course of business exception applicable "where [defendant's] interception facilitates the transmission of the communication at issue or is incidental to the transmission of such communication."). Plaintiff pleads Heartland Dental's provision of services to Tru Family Dental includes routing patients' scheduling calls. (Dkt. 1, ¶ 20.) But for Heartland Dental providing these services to Tru Family Dental, there would be no communication with patients, like Plaintiff. Consequently, the conduct attributed to Heartland Dental is necessarily part of its services provided to Tru Family Dental in the ordinary course of its business. Plaintiff's cited authority does not defeat this exception for liability. (Dkt. 33, p. 15-20 (citing *Matera v. Google LLC*, No. 15-CV-04062-LHK, 2016 WL 8200619, at *9 (N.D. Cal. Aug. 12, 2016) (finding ordinary course of business exception applies where there is "a nexus between the need to engage in the alleged interception and the [provider's] ultimate business, that is, the ability to provide the

---

[4] Plaintiff incorrectly claims that Heartland Dental cannot refer to the URL cite with RingCentral's Privacy Policy and Data Processing Addendum. However, Heartland Dental cited the URL for the Court's benefit and to show that Plaintiff misstated various portions of alleged policy statements in her Complaint. In addition, in this Circuit, litigants may cite to websites for purposes of judicial notice. *Goplin v. WeConnect, Inc.*, 893 F.3d 488, 491 (7th Cir. 2018).

underlying service or good."). As Heartland Dental's call services are part of its support services to Tru Family Dental, they fall within the ordinary course of business exemption.

**D. Plaintiff Fails to Allege Sufficient Facts to State a Wiretap Act Claim.**

Plaintiff fails to plead both (i) a contemporaneous interception by Heartland Dental, and (ii) Heartland Dental's endeavor to intercept or procure another person to intercept or endeavor to intercept the contents of an electronic communication, which are necessary elements of a Wiretap Act claim. *See United States v. Szymuszkiewicz*, 622 F.3d 701, 705-06 (7th Cir. 2010).

1. ***No Unlawful Interception Occurred.***

Plaintiff's conclusion that Heartland Dental "procured RingCentral to eavesdrop on calls" does not save her claim. (Dkt. 33, p. 21.) Plaintiff fails to allege a *contemporaneous* interception of a private communication. Instead, Plaintiff's argument again contradicts itself. Because Plaintiff alleges Heartland Dental "procured" RingCentral, then Heartland Dental must have been a party to the communication to allow another to access the communication. (Dkt. 33, pp. 20-21). Nonetheless, merely allowing access to a communication does not establish that Heartland Dental took an affirmative act to gain possession of Plaintiff's communications using a device, as required by the Wiretap Act. *See Popa*, 52 F.4th 121 at 130 ("interception occurs where [] an act taken to gain possession of communications using a device"). This is fatal to her claim.

Plaintiff's attacks on Heartland Dental's authority are misplaced. Plaintiff claims Heartland Dental's authority is inapposite because it involved entities that actively procured another's interception. (Dkt. 33, pp. 21-22.) But that is precisely what Plaintiff alleges (albeit in wholly conclusory fashion) took place here—that Heartland Dental itself procured the alleged interception. *Id*. Contrary to Plaintiff's contentions, Heartland Dental's authority supports dismissal, it demonstrates that both passive or incidental third-party overhearing or access does not constitute procuring an interception under the Wiretap Act. *Rodriguez v. ByteDance*, No. 23

CV 4953, 2025 WL 2495865 at *6-7 (N.D. Ill. 2025) (no plausible showing of actual, contemporaneous interception); *Mazzorana v. Kelly*, No. 21-cv-1899, 2022 WL 1211482 at 1-2 (N.D. Ill. Apr. 25, 2022) (dismissing Wiretap Act claim where defendant merely viewed stored communications on an iPad synced to another person's iCloud account because no contemporaneous acquisition). Plaintiff fails to alleges facts that a contemporaneous interception occurred, let alone that Heartland Dental affirmatively procured it.

### 2. ***The Crime-Tort Exception Does Not Apply.***

The crime-tort exception does not save Plaintiff's Claim. For the crime tort exception to apply, it is well-established that a plaintiff must plausibly allege either "(1) that the primary motivation, or (2) that a determinative factor in the actor's motivation for intercepting the conversation was to commit a criminal, tortious, or other injurious act." *United States v. Vest,* 639 F. Supp. 899, 904 (D. Mass. 1986); *see also Caro v. Weintraub,* 618 F.3d 94, 100 (2nd Cir. 2010) (finding mere allegation that interception resulted in criminal or tortious act does not suffice.).

Plaintiff incorrectly contends she does not need to plead specific intent or purpose. (Dkt. 33, pp. 12-13.) But the requirement to plead specific intent or purpose is supported by the text of the Wiretap Act, which uses the word "purpose." 18 U.S.C. 2511(2)(d). The Wiretap Act's use of the word "purpose" dictates that the interception must have been done "for a reason" for liability to attach. *Id*. "Had Congress intended for the act of recording itself to provide the tortious intent necessary, it could have chosen to define the exception in terms of interception of oral communications *resulting* in a tortious or criminal act." *Doe v. Kaiser Found. Health Plan, Inc*., No. 23-CV-02865-EMC, 2024 WL 1589982, at *9 (N.D. Cal. Apr. 11, 2024). But it did not do so. Rather, the statute expressly requires Plaintiff to plead that the interception was made for the purpose of committing a crime or tort. *See Roberts v. Charlotte Mecklenburg Hosp. Auth*., No. 3:24-CV-00382-KDB-SCR, 2025 WL 880538, at *3 (W.D.N.C. Mar. 20, 2025) (dismissing

Wiretap Act claim that did not plausibly allege "purpose for sharing individually identifiable health information was to breach HIPAA"). Thus, Plaintiff did not plead the crime-tort exception applies.

a) Plaintiff's HIPAA allegations are inadequate

Even if Plaintiff had pleaded criminal purpose, to invoke the crime tort exception based on HIPAA, as Plaintiff acknowledges (Dkt. 33, p. 11), she must plead the alleged criminal or tortious purpose is independent of the interception itself. Thus, it is not enough, as Plaintiff argues, that a crime or tort was committed and may have been a foreseeable result of an interception of a communication; courts look to the "intended use" of the information obtained. (Dkt. 33, p. 14.)

However, Plaintiff has not alleged any facts to support that any information protected under HIPAA was disclosed to a third party, another requirement Plaintiff acknowledges. (Dkt. 33, p. 12-14); *see also Hartley v. Univ. of Chi. Med. Ctr.*, No. 22 C 5891, 2023 WL 7386060, at *2 (N.D. Ill. Nov. 8, 2023) (dismissing claim where plaintiff failed to allege specific information that would plausibly be in violation of HIPAA). Plaintiff only makes conclusory allegations that her calls with Heartland Dental included "individually identifiable health information about their medical treatments" and she "identified herself by her name and inquired about making appointments." (Dkt. 1, ¶¶ 25, 26, 31.) These bare assertions fall far short of plausibly alleging that protected health information was intercepted or disclosed.

Plaintiff's allegations are similar to those where the court declined Wiretap Act liability via HIPAA, *Hannant v. Culbertson*, No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894, at *5 (C.D. Ill. Aug. 20, 2025). In *Hannant*, vague generalities about purportedly private communications, such as searching for a specific physician, researching treatments, and seeking information about medical records were insufficient to plead what "was improperly intercepted, disclosed, or used" and failed to state a Wiretap claim. *Id.* Similarly, Plaintiff here provides no factual detail regarding her allegedly disclosed individually identifiable health information.

Plaintiff's reliance on speculative assertions is insufficient, particularly where, like the *Hannant* plaintiff, she was a participant to the call and would know precisely what was communicated.

The cases cited by Plaintiff also are distinguishable. Unlike here, those cases allege actual capture and transmission of specific identifiable health information to third parties through data-tracking technology. *Kurowski v. Rush Sys. for Health,* No. 22-cv-5380, 2023 WL 8544084, at *3 (N.D. Ill. Dec. 11, 2023) (alleged tracking pixels captured and transmitted patients' provider identities, visit details, and other treatment-related data to third-party analytics companies for marketing); *Kane v. Univ. of Rochester*, No. 23-cv-6207, 2024 WL 1178340, at *7 (W.D.N.Y. Mar. 19, 2024) (alleged website tracking tools collected and sold users' appointment-scheduling and provider-search information); *R.S. v. Prime Healthcare Serv., Inc.,* 5:24-CV-00330-ODW (SPX), 2025 WL 103488, at *4 (C.D. Cal. Jan. 13, 2025) (alleged intentional interception and disclosure of medical diagnoses, treatment history, and provider selections); *Strong v. LifeStance Health Group Inc*., No. 23-cv-00682, 2025 WL 317552, at *5 (D. Ariz. 2025) (same). These detailed allegations of protected health information disclosures bear no semblance to Plaintiff's conclusory, generalized statements that fall short of triggering the crime tort exception.

b) <u>Plaintiff alleges no other adequate crime or tort</u>

Further, the alleged interception cannot simultaneously serve as the predicate criminal or tortious act. Plaintiff's own authority makes this clear. *See Kane*, 2024 WL 1178340, at *4 (holding plaintiff "must plead sufficient facts to support an inference that the defendant 'intercepted the communication for the purpose of a tortious or criminal act ***that is independent of the intentional act of recording***' the communication.") (emphasis added); *see also Okash v. Essentia Health*, No. 23-482 (JRT/LIB), 2025 WL 642913, at *4 (D. Minn. Feb. 27, 2025) (finding crime-tort exception inapplicable where alleged HIPAA and privacy claim not independent of interception). Here, Plaintiff alleges the interception and disclosure to RingCentral occurred

simultaneous to the communication between her and Heartland Dental. (Dkt. 1, ¶¶ 11, 13, 14.) This is a single act of alleged interception, not the necessary separate, independent tort or crime.

Plaintiff's remaining authority fares no better. In *W.W. v. Orlando Health, Inc.*, No. 6:24-cv-1068-JSS-RMN, 2025 WL 722892, at *7 (M.D. Fla. Mar. 6, 2025), the plaintiff specifically alleged an "'intentionally intercept[ion of Plaintiff's] electronic communications for the purpose of committing a tortious act in violation of the Constitution or laws of the United States.'" And in *K.L. v. Legacy Health*, No. 3:23-cv-1886-SI, 2024 WL 4794657, *6 (D. Or. Nov. 14, 2024), the plaintiff plead the healthcare provider disclosed patient communications to a third-party for financial gain. Plaintiff makes no such allegations here. Plaintiff does not allege that Heartland Dental intentionally contracted with RingCentral with the purpose of violating HIPAA or committing any other tortious act. Indeed, Courts hold that regular business services, like marketing, are not criminal or tortious. *Nienaber v. Overlake Hosp. Med. Ctr.*, No. 2:23-cv-01159-TL, 2025 WL 692097, at *13 (W.D. Wash. Mar. 4, 2025) (digital marketing and analytics purpose insufficient to invoke crime tort exception); *Doe I v. Google, LLC*, 741 F. Supp. 3d 828, 843 n.4 (N.D. Cal. 2024) (dismissing Wiretap Act claim where defendant's purpose in offering technology was not "to perpetuate torts on millions of Internet users" but to make money).

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed *with prejudice*.

Dated: October 31, 2025

FISHER & PHILLIPS LLP

By: */s/ Danielle M. Kays*

DANIELLE M. KAYS (SBN 6284321)
AMBER N. PETERS (SBN 6324266)
XUAN ZHOU (admitted *Pro Hac Vice*)
dkays@fisherphillips.com
apeters@fisherphillips.com
xzhou@fisherphillips.com
Attorneys for Defendant
HEARTLAND DENTAL, LLC