**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MEGAN LISOTA, individually and on behalf of all others similarly situated,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | **Civil Action No. 25-cv-7518** |
| **v.** | § | |
| | § | |
| **HEARTLAND DENTAL, LLC, a Delaware limited liability company, and RINGCENTRAL, INC., a Delaware corporation,** | § | |
| | § | |
| ***Defendants*.** | § | |

**DEFENDANT HEARTLAND DENTAL, LLC'S MOTION AND MEMORANDUM TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)**

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. BACKGROUND .......... 2

III. LEGAL STANDARD .......... 3

A. Rule 12(b)(1) .......... 3

B. Rule 12(b)(6) .......... 4

IV. ARGUMENT .......... 4

A. Plaintiff Lacks Article III Standing .......... 4

B. Plaintiff Fails to State a Federal Wiretap Act Claim under Rule 12(b)(6) .......... 7

1. Heartland Dental was a party to the communications .......... 7

2. Heartland Dental, as a service provider, acted in the ordinary course of business .......... 9

3. Plaintiff does not allege Heartland Dental intercepted any communications .......... 10

C. Plaintiff Fails to State an Intrusion upon Seclusion Claim under Rule 12(b)(6) .......... 11

1. Plaintiff cannot plausibly allege an unauthorized intrusion .......... 12

2. Plaintiff fails to allege conduct that is "highly offensive or objectionable" .......... 13

3. Plaintiff fails to plausibly allege "private" information .......... 14

4. Plaintiff fails to plausibly allege anguish and suffering .......... 15

V. CONCLUSION .......... 15

## TABLE OF AUTHORITIES

**Cases**

*Amati v. City of Woodstock*, 176 F.3d 952 (7th Cir. 1999) .......... 12

*AnchorBank, FSB v. Hofer*, 649 F.3d 610 (7th Cir. 2011) .......... 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 5, 18

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 5

*Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) .......... 20

*Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) .......... 6

*Bonilla v. Ancestry.com Ops Inc.*, 574 F. Supp. 3d 582 (N.D. Ill. 2021) .......... 15

*Browning v. AT & T Corp.*, 682 F. Supp. 2d 832 (N.D. Ill. 2009) .......... 15

*Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067 (7th Cir. 2020) .......... 7

*Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) .......... 18

*Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561 (N.D. Ill. 2020) .......... 15, 16

*Gilbert v. TrueAccord Corp.*, 608 F. Supp. 3d 656 (N.D. Ill. 2022) .......... 6

*Heffron v. Green Tree Servicing, LLC*, No. 15-CV-0996, 2016 WL 47915 (N.D. Ill. Jan. 5, 2016) .......... 19

*Horgan v. Simmons*, 704 F. Supp. 2d 814 (N.D. Ill. 2010) .......... 17

*In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp.3d 573 (N.D. Ill. 2022) .......... 14

*In re Google Inc. Gmail Litig.*, No.: 13-MD-02430-LHK, 2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) .......... 12

*In re Pharmatrak, Inc.*, 329 F.3d 9 (1st Cir. 2003) .......... 9

*In re TikTok, Inc. In-App Browser Priv. Litig.*, No. 24 C 2110, 2024 WL 4367849 (N.D. Ill. Oct. 1, 2024) .......... 9

*Jandak v. Vill. of Brookfield*, 520 F. Supp. 815 (N.D. Ill. 1981) .......... 12

*Juenger v. Deaconess Health Sys., Inc.*, No. 3:24-CV-2332-NJR, 2025 WL 2780221 (S.D. Ill. Sept. 30, 2025) .......... 16

*Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836 (N.D. Ill. 2023) .......... 6, 10, 17

*Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020)........................................... 8

*Lawlor v. N. Am. Corp. of Ill.,* 983 N.E.2d 414 (Ill. 2012)............................................................ 18

*Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411 (1989).................................... 15

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................................ 3, 5

*Matera v. Google Inc.*, 2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ........................................ 11

*Mazzorana v. Kelly*, No. 21 C 1899, 2022 WL 1211482 (N.D. Ill. Apr. 25, 2022) ..................... 13

*McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996 (N.D. Ill. Sept. 24, 2012)............................. 18, 19

*Minter v. AAA Cook Cnty. Consolidation, Inc.,* No. 02 C 8698, 2004 WL 1630781 (N.D. Ill. July 19, 2004) ........................................................................................................................ 19

*Morris v. Ameritech Illinois*, 337 Ill. App. 3d 40 (Ill. App. Ct. 2003).......................................... 16

*Nabozny v. Optio Sols. LLC*, 84 F.4th 731 (7th Cir. 2023)............................................................ 5

*Nettles v. Midland Funding LLC*, 983 F.3d 896 (7th Cir. 2020) ................................................ 5, 6

*Pierre v. Midland Credit Mgmt., Inc*., 29 F.4th 934 (7th Cir. 2022) .............................................. 7

*Pucillo v. Nat.'l Credit Sys., Inc*., 66 F.4th 634 (7th Cir. 2025) ..................................................... 7

*Ramirez v. LexisNexis Risk Sols.*, 729 F. Supp. 3d 838 (N.D. Ill. 2024) ................................. 8, 15

*Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C. 2002).................................... 20

*Rodriguez v. Bytedance, Inc.*, 2025 WL 2495865 (N.D. Ill. Aug. 29, 2025) .............................. 13

*Roper v. Rise Interactive Media & Analytics, LLC*, No. 23 CV 1836, 2023 WL 7410641 (N.D. Ill. Nov. 9, 2023) ................................................................................................................ 14

*Schmidt v. Ameritech Illinois*, 329 Ill.App.3d 1020, (Ill. App. Ct. 2002).................................... 15

*Shea v. Winnebago Cnty. Sheriff's Off.*, No. 12-CV-50201, 2014 WL 4449605 (N.D. Ill. Sept. 10, 2014) .......................................................................................................................... 19

*Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26 (1976) ................................................................. 4

*Spiegel v. McClintic*, No. 16 C 9357, 2017 WL 4283727 (N.D. Ill. Sept. 27, 2017), *aff'd*, 916 F.3d 611 (7th Cir. 2019)................................................................................................................ 18

*Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016) ............................................................................ 4, 5

*Sweeney v. Raoul*, 990 F.3d 555 (7th Cir. 2021) ........................................................................... 4

*Thomas v. Pearl*, 998 F.2d 447 (N.D. Ill. 2022) ..... 16

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ..... 4

*United States v. Szymuszkiewicz,* 622 F.3d 701, 705-06 (7th Cir. 2010) ..... 13

*Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665 (7th Cir. 2021) ..... 4, 7

*Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909 (N.D. Ill. Mar. 31, 2019) ..... 9

**Statutes**

18 U.S.C. § 2510 ..... 9

18 U.S.C. § 2510(4) ..... 8

18 U.S.C. § 2511 ..... 12

18 U.S.C. § 2511(2)(d) ..... 8

Rule 12 (b)(6) ..... 1

U.S. Const. art. III, § 2 ..... 3

## I. INTRODUCTION

Plaintiff's Amended Complaint fares no better than her original deficient Complaint. As an initial matter, it is now more evident that Plaintiff's claims lack Article III subject-matter jurisdiction and must be dismissed. Plaintiff cannot plausibly plead that she suffered an actual injury—under either the Wiretap Act or now, the potentially akin common law tort of intrusion upon seclusion. As a result, the Amended Complaint is insufficient to confer standing and should be dismissed pursuant to Rule 12(b)(1) for lack of Article III standing.

In addition, like the initial Complaint, the Amended Complaint continues to fall short (and such failure cannot be cured) under Rule 12 (b)(6) because:

**First,** Heartland Dental is a service provider ***exempt*** from the Federal Wiretap Act. Indeed, Heartland Dental acted in the ordinary course of its business, and in support of the dental office that Plaintiff called. Accordingly, Heartland Dental did not (and could not) intercept or intrude upon Plaintiff's communications.

**Second**, the Amended Complaint also fails because she cannot plead lack of consent. Heartland Dental was a party to the communications at issue, and the Act expressly permits recording with one-party consent (i.e. Heartland Dental's own consent). In addition, while Plaintiff alleges she called a Heartland Dental supported office that "might" have used a RingCentral artificial intelligence ("AI") product to record her call, she does not allege the supported dental office did not consent to the use of Heartland Dental's or Ring Central's services.

**Third**, Plaintiff does not plausibly allege that Heartland Dental contemporaneously intercepted or procured interception of her calls, an essential element of a claim under the Act.

**Finally**, Plaintiff's attempt to add an intrusion upon seclusion also fails as she does not plead facts to support any essential element of the claim.

As a result, the Amended Complaint should be dismissed in its entirety, and Plaintiff should not be granted leave to amend as any such amendment would be futile.

## II. BACKGROUND

Plaintiff filed this putative class action against Heartland Dental and RingCentral which purports to allege a violation of the Federal Wiretap Act and intrusion upon seclusion. Heartland Dental is a dental support organization that provides non-clinical support to dental offices, such as billing, staffing, IT, insurance, and HR support ("DSO services"). (Dkt. 39, Am. Compl. at ¶¶ 1, 28.)[1] Plaintiff received dental services from Tru Family Dental, which contracts with Heartland Dental for certain administrative and call services. (*Id*. at ¶¶ 1, 5, 28, 31.) Heartland Dental, in return, allegedly contracted with RingCentral, a cloud-based voice over internet protocol ("VoIP") provider that developed RingCentral AI to assist businesses with managing and tracking calls. (*Id*. at ¶¶ 2, 11, 13, 20.) RingCentral also offers an AI-enabled communications platform "RingEx" that may include features like transcription and call summaries. (*Id*. at ¶¶ 7, 11, 20-25.)

Plaintiff alleges she called a Heartland Dental supported office several times over the past two years, and believes her calls were analyzed in real time through RingCentral's system. (*Id*. at ¶¶ 31, 42-43.) However, Plaintiff simultaneously alleges that RingCentral provides telephone services through VoIP equipment housed in data centers. (*Id*. at ¶¶ 2, 17, 21-23, 33-35, 41, 43, 55.) The latter describe routine routing and processing of communications through a service provider's infrastructure, not a contemporaneous interception within the meaning of the Act.

The Amended Complaint further relies on RingCentral's privacy policy and Data Processing Addendum Annex 2,[2] which state that RingCentral may use AI to provide, maintain,

[1] Heartland Dental treats the Amended Complaint allegations as true only for purposes of this motion.
[2] To provide the Court with complete and accurate language, *see* RingCentral, Data Processing Addendum ("DPA"), October 1, 2024, https://www.ringcentral.com/legal/dpa.html. The DPA states: "3.1. Purpose

and improve its services and that it acts as a "Service Provider" or "Processor" on behalf of customers. (*Id*. at ¶ 39.) Plaintiff alleges she was not informed that her calls might be monitored and claims Heartland Dental "intercepted or procured" interception of her communications. (*Id*. at ¶ 4-5.) Plaintiff alleges she provided identifying and unspecified "sensitive" medical information during the calls but does not allege any disclosure to third parties, misuse of information, or resulting harm. (*Id*. at ¶¶ 3, 37, 42, 61, 64.) Plaintiff also does not allege that RingCentral disclosed her "sensitive medical information" to any third party or the public. *See generally id*.

## III. LEGAL STANDARD

### A. Rule 12(b)(1)

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies." U.S. Const. art. III, § 2; FED. R. CIV. P. 12(b)(1). To establish Article III standing, a plaintiff must demonstrate that the alleged injury is "fairly traceable to the challenged action of *the defendant*." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (emphasis added) (alterations and quotations omitted); *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021).

---

Limitation. RingCentral shall process the Customer Personal Information for the purposes of the performance of the Services as described in the Agreement and the DPA … Such purposes include providing, monitoring, supporting, improving, and maintaining the Services, including through automated means such as artificial intelligence." The Addendum also expressly states "RingCentral is a Service Provider to Customer" and that "[t]hese US Privacy Terms will apply *only to the extent* that RingCentral processes Customer Personal Information on behalf of a Customer as a Service Provider under US State Privacy Laws, where such processing is described in Annex I of the DPA." In addition, RingCentral's DPA specifies that "RingCentral processes [Personal Data] as a Processor under the Agreement" and "RingCentral will comply with the obligations of a [Customer] to the extent it processes Personal Data as a Controller for RingCentral's legitimate business purposes, including as necessary for the operation of the Services, and as necessary to comply with applicable law."

Standing is jurisdictional and cannot be waived. *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 667 (7th Cir. 2021).

Standing requires proof: "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). Plaintiff bears the burden of proving these elements. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). In a class action, the named plaintiff must personally establish standing and cannot rely on hypothetical or abstract injuries. *Id.* at 338 n.6 (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 40 n.20 (1976)). The mere fact that a statutory violation occurred does not alone establish standing; Plaintiff must have a concrete injury. *Id.* at 341.

### B. Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, "a complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). Plaintiff must plead more than "threadbare recitals of the elements of a cause of action, supported by mere conclusionary statements." *Iqbal*, 556 U.S. at 678; *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

## IV. ARGUMENT

### A. Plaintiff Lacks Article III Standing

Plaintiff's Amended Complaint fails at the threshold because she did not suffer concrete harm resulting from the purported violation of the Wiretap Act. Article III requires more than a bare procedural violation or a statutory violation. *Spokeo*, 578 U.S. at 341. A "plaintiff must show

that he or she suffered 'an invasion of a legally protected interest.'" *Id*. at 339 (quoting *Lujan*, 504 U.S. at 560). An intangible harm only qualifies if it bears a close relationship to historically recognized injuries. *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020); *see Nabozny v. Optio Sols. LLC*, 84 F.4th 731, 735 (7th Cir. 2023).

Here, Plaintiff merely asserts her call with Tru Family Dental *may* have been allowed to be "intercepted" and that she was "injured" as a result. (Dkt. 39, ¶¶ 4, 43, 49, 50, 55, 62) (emphasis added). These vague, formulaic recitations are legally insufficient. *Nettles*, 983 F.3d at 899-900; *see also Gilbert v. TrueAccord Corp*., 608 F. Supp. 3d 656, 664 (N.D. Ill. 2022) (statutory violation without concrete accompanying harm does not confer standing). Plaintiff alleges no disclosure to third parties, misuse of her information, pecuniary loss, or other tangible harm. *Kurowski v. Rush Sys. for Health*, 683 F. Supp. 3d 836, 849 (N.D. Ill. 2023) (dismissing intrusion claim where any harm flowed from disclosure of health information by third parties rather than conduct of the defendant, which was the intended recipient of the communications).[3] Her attempts to implicate a harm akin to the privacy tort of intrusion upon seclusion and emotional distress also fails.[4] As discussed below, Plaintiff's allegations do not plead any essential element of a claim for intrusion upon seclusion—including an actual injury or damages. Therefore, she cannot assert the common law tort as support for standing under the Act. This is illustrated by *Pucillo v. Nat.'l Credit Sys., Inc*., 66 F.4th 634 (7th Cir. 2025). In *Pucillo*, the plaintiff alleged she received two collection

[3] Plaintiff alleges that "sensitive" information was provided during her calls and used by RingCentral to train its AI models and develop products and services. The actual language of RingCentral's policies makes clear that RingCentral did not use any of the allegedly intercepted communications for this purpose. Accordingly, the Court should disregard this allegation as lacking any factual basis. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013) ("[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss.")

[4] While this Court previously analyzed whether Plaintiff may have experienced injury akin to a traditionally recognized tort of intrusion upon seclusion (Dk. 38, p.3) it's clear based on her amended pleading that Plaintiff utterly fails to establish the essential elements of that claim or any resulting injury.

letters on a debt discharged in bankruptcy in violation of the Fair Debt Collection Practices Act ("FDCPA"). *Id.* at 639-42. The Seventh Circuit examined whether the alleged harm—undermining plaintiff's belief that bankruptcy discharge created a "fresh start"—closely resembled the common-law tort of intrusion upon seclusion. *Id*. The court concluded it did not and found Article III standing lacking as the "irritating intrusions" were not a recognized injury. *Id*.

Further, Plaintiff's allegations of "emotional distress" do not establish a concrete injury under *Transunion*. The Seventh Circuit has repeatedly rejected abstract descriptions of emotional distress, such as "worry" and "embarrassment". *See Pierre v. Midland Credit Mgmt., Inc*., 29 F.4th 934, 939 (7th Cir. 2022) (explaining that fear of future harm confers no standing); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (anxiety and stress "are quintessential abstract harms"); *Pucillo*, 66 F.4th at 638 (no concrete injury through being "concerned" and "upset"); *Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068–69 (7th Cir. 2020) (if confusion were a concrete harm, "everyone would have standing to litigate about everything.").

The Amended Complaint also alleges no actual damages. Plaintiff's speculation that her information could be disclosed is not enough. *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1066 (7th Cir. 2020) (finding no standing for the FDCPA without a pleaded injury); *Ramirez v. LexisNexis Risk Sols.*, 729 F. Supp. 3d 838, 850 (N.D. Ill. 2024) (finding emotional damages insufficient to constitute actual damages under the Deceptive Business Practices Act). Accordingly, Plaintiff's failure to plead pecuniary injury or other concrete harm defeats standing under the Act.

### B. Plaintiff Fails to State a Federal Wiretap Act Claim under Rule 12(b)(6)

Consistent with this Court's previous dismissal, the Court should again dismiss Plaintiff's wiretapping claim. Indeed, the claim still fails because: (1) Heartland Dental (as a party to the call) consented to the use of Ring Central's services; (2) the alleged conduct still falls within the same ordinary course of business exception; and (3) Plaintiff still fails to plausibly allege RingCentral processed call data for reasons distinct from its communication service. (Dkt. 38 at 7.) Instead, Plaintiff's allegations reflect routine call handling in connection with RingCentral's provisions of communications service. The Amended Complaint does not—and cannot—rectify this deficiency.

1. ***Heartland Dental was a party to the communications***

Accepting Plaintiff's allegations as true, the Amended Complaint alleges that Heartland Dental provided administrative and technological call-handling support for a supported dental practice. Plaintiff does not allege that Heartland Dental provided dental care, acted as the dental provider, or otherwise stood in the shoes of the supported professional corporation. Against that backdrop, the party exception applies where an entity participates in a communication through legitimate service arrangements and consents to the recording or handling of that communication.

To state a claim under the Act, Plaintiff must allege Heartland Dental "(1) intentionally (2) intercepted, endeavored to intercept, or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device." *See In re TikTok, Inc. In-App Browser Priv. Litig.*, No. 24 C 2110, 2024 WL 4367849, at *9 (N.D. Ill. Oct. 1, 2024) (citing *In re Pharmatrak, Inc.*, 329 F.3d 9, 18 (1st Cir. 2003)).[5] Critically, a party to a communication may consent to its recording unless the interception was for a criminal or tortious

[5] The Act defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." 18 U.S.C. § 2510(4).

purpose. 18 U.S.C. § 2511(2)(d). Courts interpret "party" broadly and to include those participating through legitimate service arrangement. *Zak v. Bose Corp.*, No. 17-CV-02928, 2019 WL 1437909, at *3 (N.D. Ill. Mar. 31, 2019). Dismissal under the party exception is appropriate where "the communication necessarily require[d] Defendants' participation, even if Plaintiffs did not intend to share their information with Defendants." *Sloan*, 711 F. Supp. 3d at 957.

Critically, despite the Court's prior flagging of the deficiency, Plaintiff still fails to plead facts regarding who was the other party to Plaintiff's calls: Tru Family Dental or Heartland Dental. (Dkt. 38 at 8.) If Heartland Dental answered the calls, it was a direct participant and therefore entitled to consent to RingCentral's alleged interception. *Id*. In that circumstance, the Act's party exception applies, and neither Heartland Dental nor RingCentral can be liable. *Id.* at 7-8. And even if Tru Family Dental answered, as this Court already recognized, Heartland Dental would still participate directly in Plaintiff's calls with Tru Family Dental through the provision of communications services, thus making it a party to the communication within the meaning of the Act, even if it was not an intended recipient. *Id.* at 8-9. As Plaintiff acknowledges, Tru Family Dental contracted with Heartland Dental for call management (Dkt. 39, ¶ 5), and Heartland Dental utilized RingCentral to manage and route patient calls.[6] (Dkt. 39, ¶¶ 7, 11, 31.) By Plaintiff's own allegations, Heartland Dental was involved as a party or a service provider and cannot be liable.

Furthermore, the Amended Complaint does not plausibly invoke the crime-tort exception whatsoever. While Plaintiff attempts to allege a violation of HIPAA, she does not sufficiently plead individually identifiable health information to support the claim. Plaintiff acknowledges that any alleged interception was simply to manage and route patient calls, not to commit a criminal or tortious act. (Dkt. 39, ¶ 31.). Further, Plaintiff fails to allege any disclosure to a third party.

[6] That is precisely the role contemplated by RingCentral's Privacy Notice and DPA.

Plaintiff's conclusory statements cannot support the crime-tort exception. *See Kurowski*, 683 F. Supp. 3d at 843 (granting motion to dismiss because crime-tort exception did not apply based on plaintiff's failure to allege defendant actually disclosed individually identifiable health information to a third party).

The Amended Complaint continues to confirm that Heartland Dental was a party to the calls at issue, and that Plaintiff does not – and cannot – allege a criminal or tortious purpose to support the crime-tort exception. As a result, there can be no violation of the Act.

2. ***Heartland Dental, as a service provider, acted in the ordinary course of business***

Plaintiff also has not—and cannot—plead around the fact that Heartland Dental acted as a service provider operating in the ordinary course of its business when it allegedly intercepted Plaintiff's communications. The Act excludes from "interception" the use of devices by a provider of wire or electronic communication service in the ordinary course of its business. 18 U.S.C. § 2510; Dkt. 38 at 6. This Court previously held that real-time listening, transcription, and analysis facilitate the provision of call services and are at least incidental to providing such services and fall within this exception. (Dkt. 38 at 6-7 (citing *Matera v. Google Inc.*, 2016 WL 8200619, at *14 (N.D. Cal. Aug. 12, 2016).

Plaintiff continues to allege that RingCentral is an Internet-based telephone provider that enables businesses to place and receive phone calls and messages, and whose platform includes AI-powered features such as transcription and automated summaries. (Dkt. 39 ¶¶ 11, 14-15, 21-25.) As previously noted by the Court, this ability to "listen and analyze" calls in real time is integral to delivering the services RingCentral markets. (Dkt. 38 at 6.) Nothing in the Amended Complaint plausibly alleges that RingCentral processed call data for reasons unrelated to delivery of those services. Even accepting Plaintiff's allegations as true, RingCentral's conduct and policies

are consistent with call handling and analysis, which are routine service-provider functions. The same analysis applies to Heartland Dental. Plaintiff alleges Tru Family Dental contracted with Heartland Dental for non-clinical and communication services, and Heartland Dental engaged RingCentral to supply its call system. (Dkt. 39 ¶¶ 1, 5, 7, 11.) Plaintiff also cites RingCentral's DPA that expressly states RingCentral acted as a "Service Provider" processing information to perform contracted services.[7] (Dkt 39, ¶ 39; *supra* n.2.) Thus, by Plaintiff's own allegations, any routing, processing, or analysis of Plaintiff's calls occurred in furtherance of Heartland Dental's administrative support functions for Tru Family Dental. (Dkt. 39, ¶¶ 1, 5.)

As this Court previously recognized, the ordinary course of business exemption applies to modern telecommunications and call-management providers, like those used here. *See, e.g.*, *In re Google Inc. Gmail Litig.*, No.: 13-MD-02430-LHK, 2013 WL 5423918, at *8-12 (N.D. Cal. Sept. 26, 2013); *Jandak v. Vill. of Brookfield*, 520 F. Supp. 815, 821-22 (N.D. Ill. 1981). Because the alleged conduct reflects routine service-provider activity undertaken to deliver communications services, the ordinary-course exception bars Plaintiff's claim. *See Amati v. City of Woodstock*, 176 F.3d 952, 954 (7th Cir. 1999) (holding "ordinary course" exception places ordinary conduct by a service provider beyond the reach of cases brought under the Act).

3. ***Plaintiff does not allege Heartland Dental intercepted any communications***

The Act imposes liability only where the interception occurs *contemporaneously* with the transmission. 18 U.S.C. § 2511(1)(a); *United States v. Szymuszkiewicz,* 622 F.3d 701 (7th Cir. 2010). Mere access to routing data or stored information is not a contemporaneous interception under the Act. *See Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 2495865, at *6-7

[7] Again, undermining Plaintiff's unsupported claim that RingCentral used the calls to develop its products or any other "separate business objectives." Dkt. 38 at 7.

(N.D. Ill. Aug. 29, 2025) (dismissing Federal Wiretap Act claim because conduct merely amounted to access, not contemporaneous interception); *Mazzorana v. Kelly*, No. 21 C 1899, 2022 WL 1211482, *2 (N.D. Ill. Apr. 25, 2022) (viewing stored emails was not an interception because the communications were no longer "in transit" for purposes of the Act). In addition, using a communications system pursuant to a service agreement does not transform a party into an interceptor. *See Sloan*, 711 F. Supp. 3d at 957.

Here, Plaintiff does not allege Heartland Dental recorded, listened to, or otherwise contemporaneously acquired the contents of Plaintiff's calls. Instead, Plaintiff vaguely asserts that RingCentral can offer real-time transcription and AI analysis features. (Dkt. 39, ¶¶ 5, 23, 33-34.) Plaintiff does not plead any facts asserting that Heartland Dental used those features for Plaintiff's calls or that it received call content in real time.[8] (Dkt. 39, ¶ 33.) Rather, Plaintiff pleads that RingCentral acted as Heartland Dental's provider. Therefore, Plaintiff fails to plead a contemporaneous interception required under the Act.

### C. <u>**Plaintiff Fails to State an Intrusion upon Seclusion Claim under Rule 12(b)(6)**</u>

Plaintiff's newly added intrusion upon seclusion claim falls woefully short of alleging any necessary elements. Plaintiff attempts to align the alleged conduct of Heartland Dental, handling and routing a call through negotiated contracts, with conduct akin to prying into private affairs. The alleged conduct cannot be reconciled. Plaintiff's second cause of action requires conduct above and beyond the general provision of services alleged in the Amended Complaint.

Under Illinois law, an intrusion upon seclusion claim requires: "(1) an unauthorized intrusion or prying into the plaintiff's seclusion; (2) an intrusion that is highly offensive or

[8] Even if call data was processed in "real time" that does not necessarily mean Heartland Dental acquired call content in simultaneously.

objectionable to a reasonable person; (3) that the matter upon which the intrusion occurs is private; and (4) the intrusion causes anguish and suffering." *Roper v. Rise Interactive Media & Analytics, LLC*, No. 23 CV 1836, 2023 WL 7410641, at *7 (N.D. Ill. Nov. 9, 2023) (citing *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp.3d 573, 598 (N.D. Ill. 2022)). The tort requires highly offensive prying into another's private domain—i.e., more than mere participation in a communication or routine data handling. *See Bonilla v. Ancestry.com Ops Inc.*, 574 F. Supp. 3d 582, 596 (N.D. Ill. 2021); *Dinerstein v. Google, LLC*, 484 F. Supp. 3d 561, 594 (N.D. Ill. 2020) (citing *Lovgren v. Citizens First Nat. Bank of Princeton*, 126 Ill. 2d 411, 417 (1989)).

1. ***Plaintiff cannot plausibly allege an unauthorized intrusion***

First, Plaintiff's intrusion upon seclusion claim fails because she fails to plausibly allege an unauthorized intrusion. An actionable intrusion generally involves conduct akin to a physical or sensory invasion, such as "invading someone's home; an illegal search of someone's shopping bag in a store; eavesdropping by wiretapping; peering into the windows of a private home; and persistent and unwanted telephone calls." *Ramirez*, 729 F. Supp. 3d at 850. As discussed above, all of the conduct allegedly engaged in by Heartland Dental was specifically allowed under the Wiretap Act, and was neither unauthorized nor an intrusion. *See Browning v. AT & T Corp.*, 682 F. Supp. 2d 832, 837 (N.D. Ill. 2009) (18 U.S.C. § 2511 authorized defendant's inquiry into the plaintiff's phone records, and thus there was no basis for the intrusion upon seclusion claim).[9] Although "[e]avesdropping by wiretapping ***<u>may</u>*** itself constitute an invasion of privacy[,]" a plaintiff fails to state a claim for intrusion upon seclusion where the alleged injury arises from

[9] Notably, Illinois Appellate Courts have used the same section of the Electronic Communications Privacy Act to dismiss intrusion upon seclusion claims where the defendant used communications records to protect the defendant's rights and property interests. *See Schmidt v. Ameritech Illinois*, 329 Ill.App.3d 1020 (Ill. App. Ct. 2002); *Morris v. Ameritech Illinois*, 337 Ill. App. 3d 40 ((Ill. App. Ct. 2003)

subsequent publication or disclosure not from the intrusion itself. *Thomas v. Pearl*, 998 F.2d 447, 452 (N.D. Ill. 2022) (emphasis added). Mere disclosures or routine handling of private information does not support a claim for unauthorized intrusion. *Dinerstein*, 484 F. Supp. 3d at 594 (holding use of embedded source code on website and patient portal, resulting in transmission of patient information to third parties, did not constitute an unauthorized intrusion).

Here, the alleged intrusion was not unauthorized as it occurred via the communications infrastructure through which the calls were placed, the provision of call services to Tru Family Dental. Courts dismiss intrusion claims, like Plaintiff's, where the defendant was a participant or authorized recipient of the information. *See Juenger v. Deaconess Health Sys., Inc.*, No. 3:24-CV-2332-NJR, 2025 WL 2780221, at *6 (S.D. Ill. Sept. 30, 2025) (dismissing claim where defendants were the *recipients* of the information). That is because conduct undertaken in furtherance of communication services, and with consent from a party to the communication, does not resemble the examples of unauthorized intrusion described in *Ramirez* and *Dinerstein*. Because Plaintiff alleges no surreptitious, unauthorized access by an outsider, she fails to plead wrongful intrusion under Illinois law.

2. ***Plaintiff fails to allege conduct that is "highly offensive or objectionable"***

Plaintiff also falls far short of alleging highly offensive conduct necessary to maintain an intrusion upon seclusion claim. An intrusion claim requires conduct amounting to "highly offensive prying into the physical boundaries or affairs of another person." *Horgan v. Simmons*, 704 F. Supp. 2d 814, 821 (N.D. Ill. 2010). The alleged intrusion must be so egregious that a reasonable person would find it highly offensive and invasive of the plaintiff's "zone of solitude." *Id.* at 822.

Plaintiff only alleges that the purported interception would be "highly offensive" because she expected her healthcare-related calls to remain confidential and protected under HIPAA. (Dkt. 39, ¶ 67.) As discussed *supra*, Plaintiff pleads no facts to establish a HIPAA violation, and a generalized expectation of confidentiality does not transform routine business conduct into "highly offensive" prying. Because Plaintiff pleads no facts showing conduct that would be highly offensive to a reasonable person, her claim fails as a matter of law.

3. ***Plaintiff fails to plausibly allege "private" information***

Plaintiff also does not plausibly allege intrusion on any "private" information. The mere disclosure of private personal information "do[es] not support a claim for unauthorized intrusion." *Kurowski*, 683 F. Supp. 3d at 849 (dismissing claim where alleged harm stemmed from disclosure rather than unauthorized prying). The tort requires intentional intrusion into a private sphere, such as opening personal mail, searching a wallet or safe, or examining a person's banking information. *Lawlor v. N. Am. Corp. of Ill.,* 983 N.E.2d 414, 424 (Ill. 2012).

Plaintiff vaguely alleges she "revealed sensitive medical information" regarding diagnosis, treatment, and payment. (Dkt. 39, ¶ 65.) But these allegations do not plausibly establish actionable intrusion of private information or any violation of HIPAA. *Iqbal*, 556 U.S. at 678 (pleadings must contain more than "labels and conclusions" or "a formulaic recitation of the elements"). Similarly, merely labelling information as "HIPAA-protected" is conclusory and does not substitute for well-pleaded facts.[10] Absent concrete allegations identifying what and how, Plaintiff fails to plausibly allege intrusion into legally protected private affairs.

[10] Moreover, HIPAA does not furnish a private right of action and cannot independently establish a legally protected privacy interest for a common law tort. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011).

4. ***Plaintiff fails to plausibly allege anguish and suffering***

Finally, Plaintiff's conclusory allegation of harm, unsupported by factual detail, is inadequate. *See Spiegel v. McClintic*, No. 16 C 9357, 2017 WL 4283727, at *8 (N.D. Ill. Sept. 27, 2017), *aff'd*, 916 F.3d 611 (7th Cir. 2019); *McGreal v. AT&T Corp.*, 892 F. Supp. 2d 996, 1015 (N.D. Ill. Sept. 24, 2012). Courts routinely dismissed claims where, as here, plaintiffs fail to allege concrete facts of actual anguish or suffering. *See Heffron v. Green Tree Servicing, LLC*, No. 15-CV-0996, 2016 WL 47915, at *6 (N.D. Ill. Jan. 5, 2016); *Shea v. Winnebago Cnty. Sheriff's Off.*, No. 12-CV-50201, 2014 WL 4449605, at *7 (N.D. Ill. Sept. 10, 2014).

Plaintiff's allegations of "mental anguish," "embarrassment," and worry that unknown third parties might access her information are entirely conclusory. (Dkt. 39, ¶ 68.) Plaintiff does not allege any actual disclosure, third-party access, or any concrete consequences. Such allegations of generalized concern or speculative fear are insufficient to support the anguish and suffering required. *See Minter v. AAA Cook Cnty. Consolidation, Inc.,* No. 02 C 8698, 2004 WL 1630781, at *7 (N.D. Ill. July 19, 2004) (finding "angry, humiliated, frustrated and embarrassed" insufficient evidence of anguish and suffering to support an intrusion upon seclusion claim). Plaintiff does not—and cannot—connect her alleged emotional harm to any actionable misconduct by Heartland Dental. *See McGreal*, 892 F. Supp. 2d at 1015. As a result, she is unable to state a claim for intrusion upon seclusion as a matter of law.

## V. CONCLUSION

Heartland Dental respectfully requests that the Court dismiss Plaintiff's Amended Complaint with prejudice[11] and all additional relief the Court deems just and equitable.

[11] Any "amendment would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *See, e.g., Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C.

Dated: March 6, 2026 FISHER & PHILLIPS LLP

By: /s/ *Danielle M. Kays*
DANIELLE M. KAYS
AMBER N. PETERS
XUAN ZHOU

Attorneys for Defendant
HEARTLAND DENTAL, LLC

2002); *see also Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) ("An amendment is futile if the added claim would not survive a motion for summary judgment."). Any future amendment of Plaintiff's Complaint would not bring about additional claims, or additional facts, that she has not already had a second opportunity to adequately state.