IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MEGAN LISOTA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEARTLAND DENTAL, LLC, a Delaware limited liability company and RINGCENTRAL, INC., a Delaware corporation,<br><br>Defendants. | Case No. 1:25-cv-7518<br><br>Honorable Lindsay C. Jenkins |

**DEFENDANT RINGGENTRAL, INC.'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant RingCentral, Inc. ("RingCentral") respectfully moves the Court for an order dismissing with prejudice Plaintiff Megan Lisota's ("Plaintiff") Amended Class Action Complaint and Demand for Jury Trial, ECF No. 39 ("FAC") asserting two counts of action against RingCentral and Heartland Dental, Inc. ("Heartland") (the "Motion"); (1) violation of the Federal Wiretap Act, 18 U.S.C. § 2511(d), Count I; and, (2) intrusion upon her seclusion, Count II. The grounds for this Motion, as discussed more fully in the accompanying Memorandum of Law incorporated by reference herein, are as follows:

1. Plaintiff's Federal Wiretap Act claim fails because the alleged activities at issue were offered and performed by RingCentral in its ordinary course of business, RingCentral was a party to the allegedly intercepted communications because it did nothing more than provide a tool to permit Heartland to record and analyze its own data, and there was consent to the alleged

interception.

2. Plaintiff's intrusion upon seclusion claim fails because Plaintiff does not plausibly have a reasonable expectation of privacy that was violated by RingCentral's purported interception because the activity at issue was both lawful and expressly permitted by statute.

**CERTIFICATE OF ATTORNEY CONFERENCE**

Pursuant to the Court's Case Procedure regarding Motion Practice, the Parties conferred on February 11, 2026, regarding the bases for this Motion. RingCentral understands that Plaintiff will oppose the motion. The Court has ordered the following briefing schedule for the Motion:

- Plaintiff shall file her Opposition by April 3, 2026.
- Defendants RingCentral and Heartland shall file their Replies by April 24, 2026.

Dated: March 6, 2026

Respectfully Submitted,

By: */s/ Michael M. Rosenberg*

Michael M. Rosenberg (Ill. Bar No. 6340654)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
353 N. Clark Street, Ste. 3600
Chicago, IL 60654
Tel: (312) 924-9800
mrosenberg@orrick.com

Jacob M. Heath (Pro Hac Vice)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
1000 Marsh Road
Menlo Park, CA 94025
Tel: (650) 614-7400
jheath@orrick.om

Sarah B. Meehan (N.D. Ill. Bar. No. 1658586)
**ORRICK, HERRINGTON & SUTCLIFFE LLP**
2100 Pennsylvania Ave. NW
Washington, DC 20037
Tel: (202)339-8400
smeehan@orrick.com

*Attorneys for Defendant RingCentral, Inc.*

## CERTIFICATE OF SERVICE

I, Michael M. Rosenberg, an attorney, do hereby certify that on March 6, 2026, I electronically filed the foregoing **DEFENDANT RINGGENTRAL, INC.'S MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT FOR FAILURE TO STATE A CLAIM** with the Clerk of Court for the U.S. District Court, Northern District of Illinois, using the Electronic Case Filing system of the Court. I hereby certify that CM/ECF will serve the document on the following parties:

Yaman Salahi
yaman@salahilaw.com
Nicole Cabañez
nicolec@salahilaw.com
**SALAHI PC**
505 Montgomery Street, 11th Floor
San Francisco, CA 94111
*Attorneys for Plaintiff*

Danielle M. Kays
dkays@fisherphillips.com
**Fisher & Phillips LLP**
10 S. Wacker Drive
Suite 3450
Chicago, IL 60606

Amber N. Peters
apeters@fisherphillips.com
**Fisher Phillips LLP**
227 W. Trade Street
Suite 2020
Charlotte, NC 28202

Xuan Zhou
xzhou@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive
Suite 1000
San Diego, CA 92121
*Attorneys for Heartland Dental, LLC*

*/s/ Michael M. Rosenberg*
Michael M. Rosenberg